**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Peter Chakkalamuri, on behalf of himself and all others similarly situated,<br>    *Plaintiff,*<br><br>v.<br><br>Clayens Crystal Lake, LLC<br><br>    *Defendant.* | Case No.<br><br>**Jury Trial Demanded** |

### CLASS ACTION COMPLAINT

Plaintiff Peter Chakkalamuri, individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Clayens Crystal Lake, LLC. ("Camfil"), to stop Defendant's capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq.* Chakkalamuri, individually, and on behalf of all others similarly situated brings this action against Camfil as described in further detail below.

1. This case concerns a national company capturing, collecting, storing, and using Plaintiff's and other workers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights it protects.

1

2. Specifically, Defendant implemented, without consent, an invasive timekeeping program of capturing, collecting, storing, and using Plaintiff's and other Clayens Crystal Lake employees' fingerprints. Defendant uses employees' fingerprint scans to identify such employees for timekeeping and payroll purposes.

3. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information without notice or informed written consent, in direct violation of the Illinois' BIPA.

## PARTIES

4. Defendant Clayens Crystal Lake,LLC. is an Ilinois Corporation with its principal place of bussiness in Ilinois. At all times relevant to this Complaint, Clayens was registered with and authorized by the Illinois Secretary of State to transact business in Illinois.

5. Plaintiff Peter Chakkalamuri is an employee who worked at Clayen's facility in Crystal Lake IL.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because:(i) at least one member of the putative class is a citizen of a state different from any Defendant; (ii) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (iii) none of the exceptions under that subsection apply to this

action.

7. This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois and a substantial part of the events giving rise to the claims arise out of Defendant's unlawful in-state actions, as Defendant captured Plaintiff's biometrics in this State.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District,as Defendant captured Plaintiff's biometrics at one of the facilities located in this District.

## BACKGROUND

9. Following the 2007 bankruptcy of a company specializing in thecollection and use of biometric information, which risked the sale or transfer of millions of fingerprint records to the highest bidder, the Illinois legislature enacted BIPA to regulate the collection, use, and retention of biometric information by private entities.

10. The Illinois Legislature recognized that the sensitivity of biometric information was in a class of its own: "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. [E]ven sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and cannot be changed, and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated

transactions." 740 ILCS 14/5.

11. To effectuate persons' substantive privacy interest in their unique, immutable biometric information, BIPA provides that private entities may not obtainand/or possess an individual's biometrics unless they first:

> (1) inform that person in writing that biometric identifiers or information will be collected or stored;
> (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receive a written release from the person for the collection of their biometric identifiers or biometric information; and
> (4) publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.740 ILCS 14/5.

12. BIPA recognizes that without notice and consent, persons are unaware of the nature and extent of the sensitive personal information companies collect from them and use to the companies' benefit. BIPA acknowledges persons' substantive privacy right in biometric information and protects such right from encroachment by private companies.

13. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

14. As alleged herein, Defendant's practices in collecting, storing, and using

individuals' biometrics violate § 15(a) and all three prongs of § 15(b) of BIPA.

15. Since the beginning of his employment with Defendant, Plaintiff was required by Defendant to punch in and out of work like other hourly employees. He was required to have his fingerprint and/or palm print collected and/or captured for the purpose(s) of time tracking, recording attendance, and/or authentication. Plaintiff's biometric information was captured repeatedly each workday when he clocked in and out, resulting in hundreds or more biometric scans during the course of his employment with Defendant.

16. Upon information and belief, all other hourly employees and workers were also required to have between five and ten fingerprints and/or palm prints collected and/or captured for the ostensible purpose(s) of time tracking, recording attendance, and/or authentication.

17. Defendant failed to maintain or publicize information about its biometric practices or policies; and failed to provide Plaintiff or, upon information and belief, any member of the putative BIPA Class, with information about its policies or practices.

18. Each day, Defendant required past and present workers at its Illinois facilities to provide a scan of their finger and/or palm print in order to "clock in" and "clock out" of its location.

19. Upon information and belief, Plaintiff's experiences as described above are typical and representative of the experiences of the putative BIPA Class.

20. Plaintiff and the putative BIPA Class members have continuously and

repeatedly been exposed to risks, harmful conditions, and violations of privacy through Defendant's violations of BIPA as described herein.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of themselves and similarly situated individuals under Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class defined as follows:

> **All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the State of Illinois at any time within the last five years.**

22. Upon information and belief, there are around 500 class members, making the class so numerous that joinder is impracticable. Although the exact number of members of the Class is currently unknown, the members can easily be ascertained through Defendant's personnel records.

23. Plaintiff's claims are typical of the claims of the class they seek to represent because the factual and legal bases of Defendant's liability to Plaintiff and the other class members is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the class. As alleged herein, Plaintiff and the other putative class members have all suffered damages as a result of Defendant's BIPA violations.

24. There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant collects, captures, stores, or uses the biometrics of Class members;

b. Whether Defendant developed and made available to the public a written policy that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by BIPA;

c. Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics as required by BIPA;

d. Whether Defendant provided a written disclosure to its workers that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics as required by BIPA;

e. Whether Defendant's conduct violates BIPA;

f. Whether Defendant's violations of BIPA are willful and reckless;

g. Whether Defendant's capture, collection, storage, and/or use of Class members' biometric information was negligent;

h. Whether Defendant breached an express or implied agreement to comply with BIPA and/or treat Class members' biometric information lawfully when it captured, collected, stored, and/or otherwise used Class members' biometric information;

  i. Whether Defendant's capture, collection, storage, and/or use of Class members' biometric information resulted in a benefit to Defendant to the detriment of Class members and whether the retention of such a benefit is inequitable; and

  j. Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

25. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

26. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have any interest adverse to those of the other members of the Class.

27. Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of

the Class and making injunctive or corresponding declaratory relief appropriate for theClass as a whole.

28. Finally given the widespread and well known prevalance of actions to enforce BIPA Defendant acted at least recklessly with regard to the collection of biometric information for plaintiff and the likely class members. Defendant knew or should have known about BIPA's requirements. Plaintiff is therefore entitled to enhanced damages under BIPA.

### COUNT I
### Violation of the Illinois Biometric Information
### Privacy Act, 740 ILCS 14/1, *et seq.*,
### (on behalf of Plaintiff and the Class)

29. Plaintiff incorporates the above as if fully restated herein.

30. BIPA makes it unlawful for private entities to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

31. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly

available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) must adhere to the publicly posted retention and deletion schedule. 740 ILCS 14/15(a)

32. Defendant is a "private entity" as that term is defined under BIPA. 740 ILCS 14/10.

33. Plaintiff and the Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

34. Each instance Plaintiff and the other Class members scanned their fingerprints into Defendant's timekeeping devices, Defendant captured, collected, stored, and/or used Plaintiff's and the Class members' biometric identifiers or biometric information without valid notice or consent and, therefore, in violation of BIPA.

35. Defendant's practice of capturing, collecting, storing, and using biometric identifiers and biometric information fails to comply with applicable BIPA requirements. Specifically, with respect to Plaintiff and the other Class members, Defendant failed to:

    a. Obtain the written release required by 740 ILCS 14/15(b)(3);

    b. Inform Plaintiff and the Class members in writing that their biometric identifiers and/or biometric information were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(1);

    c. Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information and/or biometric identifiers were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d. Inform Plaintiff and the Class in writing of the specific length of term their biometric information and/or biometric identifiers were being captured, collected, stored and used, as required by 740 ILCS 14/15(b)(2); and

    e. Provide a publicly available retention schedule detailing the length of time biometric information is stored and guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a).

36. By capturing, collecting, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's and the other Class members' respective rights to privacy as set forth in BIPA. 740 ILCS 14/15(a).

37. BIPA provides for statutory liquidated damages of $5,000 for each

willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

38. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully request that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representatives and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, and use of biometric identifiers and biometric information, including an injunction requiring Defendant to permanently destroy all biometric information of Plaintiff and of Class members in its possession and compensation in an amount to be determined at trial for the commercial value of Plaintiff's biometric information;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless

violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

Dated: January 21, 2026

Respectfully submitted,

PETER CHAKKALAMURI, individually and on behalf of all others similarly situated,

By: /s/ *Francisco F. Del Castillo*

Francisco Fernandez del Castillo (ARDC #6337137)
DEL CASTILLO LAW GROUP, LLC
11 E Adams St., Suite 1401
Chicago, IL 60603
Tel: 312-216-0111
Email: francisco@delcastillolawgroup.com